IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RECEIVED DEC 16 2010 U.S. CLERK MINNEAPOLIS DISTRICT COURT, MINNESOTA

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE HOF, an individual,<br><br>Defendant. | Case No.: 10-4907 PAM/JJG |

# COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendant George Hof, an individual, allege as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00 exclusive of interest and costs and because the parties reside in different States.

2.  Venue lies in this Court because Defendant George Hof resides in this district.

## PARTIES

3.  Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37)

SCANNED DEC 16 2010 U.S. DISTRICT COURT MPLS

and 4001(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4. Plaintiff Howard McDougall is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. _ 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

5. The Pension Fund's Trustees are: Arthur Bunte, a citizen of Virginia; Gary Caldwell, a citizen of Arkansas; Fred Gegare, a citizen of Wisconsin; Howard McDougall, a citizen of Michigan; Ronald DeStefano, a citizen of Maryland; George Westley, a citizen of Mississippi; Charles Whobrey, a citizen of Indiana; and Jerry Younger, a citizen of Nebraska.

6. Defendant George Hof is an individual who is a citizen of the State of Minnesota.

7. Iron Mountain Gas Company ("Iron Mountain") is or was a Michigan corporation with its principal place of business located in the State of Michigan.

## FACTUAL BACKGROUND

8. During all relevant periods, Iron Mountain was subject to collective bargaining agreements executed between itself and a Local Union of the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. On March 1, 2007, Iron Mountain permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

10. As a result of this complete withdrawal, Iron Mountain incurred withdrawal liability to the Pension Fund in the amount of $346,893.95 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability"). To date, the Pension Fund has received the total amount of $120,174.18 that has been applied to the Withdrawal Liability and related interest.

11. On January 8, 2010, the Pension Fund commenced a civil action against Iron Mountain in the United States District Court for the Northern District of Illinois entitled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Iron Mountain Gas Company*, Case No. 10 C 0116, for the collection of the outstanding balance on the Withdrawal Liability in the amount of $261,304.92 plus interest and statutory damages owed by Iron Mountain Gas (hereinafter the civil action is referred to as the "Withdrawal Lawsuit").

12. On April 15, 2010, judgment was entered against Iron Mountain in favor of the Pension Fund in the total amount of $319,832.53 plus post-judgment interest and costs in the Withdrawal Lawsuit (the "Withdrawal Judgment").

13. To date, the full amount of the Withdrawal Judgment remains due and owing to the Pension Fund by Iron Mountain.

14. On March 1, 2007, George Hof directly or indirectly owned ten percent (10%) of the total combined voting power of all classes of outstanding stock entitled to

vote or ten percent (10%) of the total value of outstanding shares of all classes of stock of Iron Mountain.

15. On March 1, 2007, John Tabaka directly or indirectly owned fifty-eight percent (58%) of the total combined voting power of all classes of outstanding stock entitled to vote or fifty-eight percent (58%) of the total value of outstanding shares of all classes of stock of Iron Mountain.

16. On March 1, 2007, George Bertoldi directly or indirectly owned twenty-two percent (22%) of the total combined voting power of all classes of outstanding stock entitled to vote or twenty-two percent (22%) of the total value of outstanding shares of all classes of stock of Iron Mountain.

17. On March 1, 2007, Donna McKeen directly or indirectly owned ten percent (10%) of the total combined voting power of all classes of outstanding stock entitled to vote or ten percent (10%) of the total value of outstanding shares of all classes of stock of Iron Mountain.

18. Upon information and belief, on March 1, 2007, George Hof, John Tabaka, George Bertoldi, Donna McKeen (collectively the "Shareholders") were officers and directors of Iron Mountain.

19. On March 1, 2007, Iron Mountain sold its assets to Dan Harrington and U.P. Propane LLC. Pursuant to the sale, Iron Mountain distributed to its Shareholders the proceeds of the sale as follows: (1) John Tabaka - $491,878.86; (2) George Bertoldi - $186,574.74; (3) George Hof - $84,806.70; Donna McKeen - $84,806.70 (the "Shareholder Distributions").

## COUNT I.
## MICHIGAN UNIFORM FRAUDULENT TRANSFERS ACT

20. Plaintiffs reallege paragraphs 1-19 as paragraph 20 of Count I of this Complaint.

21. This Count is for the collection by the Pension Fund, as a creditor of Iron Mountain, for the collection of fraudulent transfers and/or improper distributions by Iron Mountain to Defendant George Hof for the Shareholder Distribution under the Michigan Uniform Fraudulent Transfers Act (the "MUFTA"), M.C.L.A. § 566.31, *et seq*.

22. M.L.C.A. § 566.35 of the MUFTA, in part provides:

**Fraudulent transfer or obligation; claim of creditor arising prior to transfer or obligation**

Sec. 5. (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

23. George Hof, as a shareholder of Iron Mountain, was an insider of Iron Mountain at the time he received the Shareholder Distribution in the amount of $84,806.70 from Iron Mountain.

24. Upon information and belief, George Hof did not provide reasonably equivalent value to Iron Mountain in exchange for the Shareholder Distribution in the amount of $84,806.70.

25. Upon information and belief, at the time the $84,806.70 was transferred or distributed by Iron Mountain to George Hof, Iron Mountain became unable to pay its debts or became insolvent and Iron Mountain's inability to pay the Withdrawal

5

Liability owed to the Pension Fund was a direct and proximate result of the Shareholder Distribution to George Hof.

26. Upon information and belief, Iron Mountain made the Shareholder Distribution to George Hof in the amount of $84,806.70 with the intent to hinder, delay, and/or defraud the creditors of Iron Mountain, including the Pension Fund.

27. The Shareholder Distribution constitutes a fraudulent conveyance and a fraud on the creditors of Iron Mountain, including the Pension Fund under M.L.C.A. 566.35(1).

28. To the extent George Hof received a Shareholder Distribution from Iron Mountain which resulted in Iron Mountain not being able to pay its Withdrawal Liability to the Pension Fund, George Hof is liable for the amounts owed by Iron Mountain to the Pension Fund.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment against Defendant George Hof and on behalf of Plaintiffs for:

(1) all amounts wrongfully transferred or distributed by Iron Mountain to him;

(2) interest computed at an annualized interest rate equal to two percent (2%) plus the prime rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; and

(3) attorneys' fees and costs;

    (b)    That this Court impose a constructive trust in favor of the Pension Fund on all assets wrongfully distributed to George Hof, up to the amount of the judgment under (a)(1-3); and

    (c)    For such further or different relief as this Court may deem proper and just.

## COUNT II.
## MICHIGAN BUSINESS CORPORATIONS ACT

29.    Plaintiffs reallege paragraphs 1-19 as paragraph 29 of Count II of this Complaint.

30.    This Count is for the collection by the Pension Fund as a creditor of Iron Mountain for the collection of improper Shareholder Distributions that were approved by Defendant George Hof as an officer and director of Iron Mountain under the Michigan Business Corporations Act (the "MBCA"), M.C.L.A. § 450, *et seq.*

31.    M.L.C.A. § 450.1551 of the MBCA, in part, provides:

**Directors' liability for corporate action; shareholder's liability for unauthorized dividends or distributions**

Sec. 551. (1) Directors who vote for, or concur in, any of the following corporate actions are jointly and severally liable to the corporation for the benefit of its creditors or shareholders, to the extent of any legally recoverable injury suffered by its creditors or shareholders as a result of the actions but not to exceed the difference between the amount paid or distributed and that amount that lawfully could have been paid or distributed:

(b) Distribution to shareholders during or after the dissolution of the corporation without paying or providing for debts, obligations, and liabilities of the corporation as required by section 855(a).

32.    M.L.C.A. § 450.1855a of the MBCA, in part, provides:

7

**Dissolution; distribution of assets**

Sec. 855a. Before making a distribution of assets to shareholders in dissolution, a corporation shall pay or make provision for its debts, obligations, and liabilities. Compliance with this section requires that, to the extent that a reasonable estimate is possible, provision be made for those debts, obligations, and liabilities anticipated to arise after the effective date of dissolution....

33. At the time Iron Mountain was dissolved, Iron Mountain could have obtained a reasonable estimate of its Withdrawal Liability obligation to the Pension Fund and could have made provision for the Withdrawal Liability obligation to the Pension Fund.

34. Upon information and belief, before making the Shareholder Distribution, George Hof, as officer and director of Iron Mountain, did not pay or make provision for the Withdrawal Liability obligation of Iron Mountain as required by M.L.C.A. § 450.1855a.

35. Upon information and belief, George Hof as an officer and director of Iron Mountain voted for and/or concurred with the Shareholder Distributions in the total amount of $848,067 from Iron Mountain to John Tabaka, George Bertoldi, George Hof, and Donna McKeen.

36. Upon information and belief at the time of the Shareholder Distributions, Iron Mountain became unable to pay its debts or became insolvent and Iron Mountain's inability to pay the Withdrawal Liability owed to the Pension Fund was a direct and proximate result of the Shareholder Distributions.

37. Upon information and belief, Iron Mountain made the Shareholder Distributions with the intent to hinder, delay, and/or defraud the creditors of Iron Mountain, including the Pension Fund.

38. George Hof as an officer and director who voted for and/or concurred in the Shareholder Distributions is jointly and severally liable to the Pension Fund in the amount of the Withdrawal Judgment of $319,832.53 plus post-judgment interest and costs under M.L.C.A. § 450.1551(1).

WHEREFORE, Plaintiffs request the following relief:

   (a)  A judgment against Defendant George Hof and on behalf of Plaintiffs for:

      (1)  the amount of $319,832.53;

      (2)  interest computed at an annualized interest rate equal to two percent (2%) plus the prime rate established by JP Morgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; and

      (3)  attorneys' fees and costs;

   (b)  That this Court impose a constructive trust in favor of the Pension Fund on all assets wrongfully distributed to George Hof, up to the amount of the judgment under (a)(1-3); and

   (c)  For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

Robins, Kaplan, Miller & Ciresi, LLP

*(signature)*

By: Thomas B. Hatch (MN150939)
Attorney for Plaintiffs
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Tel: 612.349.8500
Fax: 612.339.4181
Email: tbhatch@rkmc.com

*Attorneys for Plaintiff Central States, Southeast and Southwest Areas Pension Fund*

DATED:  December 16, 2010

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

Thomas B. Hatch
TBHatch@rkmc.com
612-349-8206

December 16, 2010

*By Hand Delivery*

Clerk of Court
U.S. District Court
District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

    Re:  *Central States, Southeast and Southwest Areas Pension Fund; and Howard McDougall v. George Hof* — Complaint

Dear Clerk of Court:

    Enclosed for filing with the Court, please find a Complaint in the above-referenced matter as well as a check in the amount of $350 for filing fees.

Sincerely,

*[signature]*

Thomas B. Hatch

Enclosures
81906305.1